**In re Petition for Appointment of Trustee regarding Steve G. HEIKENS, an Attorney at Law of the State of Minnesota.**

**No. C3-90-432.**

Supreme Court of Minnesota.

March 27, 1990.

### ORDER

This matter comes before this court on a stipulation entered into between the Respondent and the Director of the Office of Lawyers Professional Responsibility wherein the parties thereto have agreed that the Respondent's psychological condition at the present time is such that he is incapable of representing clients. For some time past the Respondent has been, and continues to be, treated for a manic depressive condition which, though disabling, is not of such severity, according to Respondent's physician, as to materially interfere with Respondent's capacity to understand the terms of the aforesaid stipulation.

Prior to the execution of that stipulation, the Director had commenced a disciplinary investigation relating to alleged shortages in Respondent's trust account as well as other matters. In the stipulation, with respect to that disciplinary investigation, the Respondent has waived all of his procedural rights provided in Rules 9, 14, and 28, Rules on Lawyers Professional Responsi-

bility. He has further joined the Director in recommending his immediate transfer to disability inactive status pursuant to Rule 28(a), Rules on Lawyers Professional Responsibility.

The court, having been duly advised of the relevant facts and circumstances of the matter, and taking into consideration a stipulation between the parties NOW ORDERS:

1. That the Respondent Steve G. Heikens hereby is transferred to disability inactive status pursuant to Rule 28(a), Rules on Lawyers Professional Responsibility.

2. That while on such disability inactive status, the Respondent shall not render legal advise or discuss legal matters with his former clients.

3. That the Director shall undertake to complete a disciplinary investigation relating to the alleged shortages in Respondent's trust account as well as other matters and that Respondent shall cooperate with such investigation to the extent that he is able.

4. That further formal disciplinary proceedings shall be held in abeyance until Respondent is transferred from disability inactive status or until further order of this court.

5. That the probable cause hearing provided for in Rule 9, Rules on Lawyers Professional Responsibility, relating to any allegations arising out of the Director's disciplinary investigation, is hereby deemed to be waived.

6. That the Respondent shall not be reinstated to the practice of law until after this court has conducted a hearing provided for in Rule 28(d) and Rule 18, Rules on Lawyers Professional Responsibility.

7. That Respondent shall not be reinstated pursuant to Rules 18 and 28, Rules on Lawyers Professional Responsibility, until this court has considered any petition for disciplinary action filed by the Director as a result of the Director's disciplinary investigation herein.